UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shirley Scretching, <br><br> Plaintiff, <br><br> v. <br><br> Chelten Market IGA, <br><br> Defendant. | Case No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Shirley Scretching (hereinafter referred to as "Plaintiff") by and through her undersigned attorney, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Chelten Market IGA (hereinafter referred to as "Defendant") Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et seq.*).

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Notice of Right to Sue, attached hereto as Exhibit A.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 66 East Coulter Street, Philadelphia, PA 19144.

8. Defendant is a business corporation with a regular place of business at 176 W. Chelten Ave., # 3302, Philadelphia, PA 19144.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff began working for Defendant as a Cashier / Sales Associate on about September 4, 2019.

12. During her employment, Plaintiff was subjected a pattern of severe and pervasive sexual harassment by Manager James Lee ("Mr. Lee"), including but not limited to the following:

- On several occasions, Mr. Lee snuck up behind Plaintiff and smacked or otherwise inappropriately touched Plaintiff's buttocks;
- On several occasions, Mr. Lee made comments about Plaintiff's buttocks and breasts; and
- On several occasions, Mr. Lee approached Plaintiff and began taking pictures of her.

13. The conduct referenced in Paragraph 12 was unwelcome by Plaintiff, and caused a great deal of stress, anguish and embarrassment.

14. Plaintiff advised Mr. Lee that the conduct referenced in Paragraph 12 was unwelcome. However, he continued to engage in such conduct on a frequent basis.

15. Two other management-level employees, namely Jay Kim ("Mr. Kim") and Marguerite [Last Name Unknown] were aware of the aforementioned harassment because some of it occurred in their presence.

16. At times when Plaintiff attempted to report Mr. Lee's harassment, Mr. Kim and Marguerite quickly changed the subject and began criticizing Plaintiff's performance.

17. On about April 4, 2020, after continuing to endure the aforementioned harassment, Plaintiff was terminated from employment.

**Count I**
**Violations of Title VII**
**(Sexual Harassment, Hostile Work Environment and Retaliation)**

18. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

19. As set forth in detail above, Plaintiff was subjected to severe and pervasive sexual harassment by one of Defendant's management-level employees.

20. As set forth in detail above, Defendant was aware of the harassing conduct by a but failed to take any reasonable remedial action.

21. Within a close temporal proximity of Plaintiff's complaints of the harassment by a Plaintiff was terminated from employment.

22. The pattern of sexual harassment and Defendant's failure to remedy same detrimentally affected Plaintiff insofar as it caused her extreme stress, anguish and humiliation

23. These actions constitute unlawful sexual harassment, hostile work environment and retaliation in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, and future lost earnings. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**Law Office of Jonathan W. Chase**
PA ID: 312448
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 967-1544
(215) 967-1108 (Fax)
jwc@lawjwc.com

# **EXHIBIT A**

EEOC Form 161 (11/16)  **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Shirley Scretching**<br>**66 E Coulter Street**<br>**Philadelphia, PA 19144** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-05302** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

09/25/20

Enclosures(s)

*Jamie R. Williamson,*  (Date Mailed)
**District Director**

cc:  **Young Kim**                                **Jonathan W. Chase, Esq.**
     **Manager**                                  **LAW OFFICE OF JONATHAN W. CHASE, LLC**
     **CHELTEN MARKET IGA**                       **1515 Market Street Suite 1200**
     **176 West Chelten Avenue #3302**            **Philadelphia, PA 19102**
     **Philadelphia, PA 19144**